# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**MICHAEL WHEATLEY**                                                                             **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:18-CV-P116-TBR**

**MARSHALL COUNTY HOSPITAL** *et al.*                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Michael Wheatley leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but allow him the opportunity to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Hardin County Detention Center. He brings this action against Marshall County Hospital and the "doctor that done [his] surgery."[1]

In the complaint, Plaintiff alleges as follows:

On July 31, 2017, my finger was cut off by a piece of machinery at the Marshall Co. Jail while I was working in the kitchen. I was brought to Marshall Co. Hospital by the "Dep Chief Jailer" when I got there I was taken to the emergency room. I also came to the hospital with the rest of my chopped off finger. When I ask if they would try and reattached my finger, I was told that it cost a lot of money and that they Doctor that done that kind of work was somewhere else. And it would most likely fall off or get really infected. I was told this on July 31st. On August 4, 2017, I was taken back to the hospital for surgery where I was told that my finger would stop bleeding and hurting and given a shape like it was finger again and they put some heavy duty stitches in my reformed finger. Well I was given "MRS" or "let out" of Jail. Well the Jail and hospital thought that my stitches had in my finger long enough and should be taken out before I was release out of the Jails custody.

---

[1] Although Plaintiff lists only Marshall County Hospital as a defendant in the caption of the complaint, he names "doctor that done my surgery" at Marshall County Hospital as a defendant in the "Defendants" section of the complaint.

> Well since then I have had all kind of medical problems my tendons in my finger came out of the top of my finger Because my stitches was removed before my finger could heal enough after 9 or 10 days after my major surgery. Also I have removed bone peaces from the tip of where my surgery was performed. My fingers is always blue and I'm always in pain. I don't think the surgery was done right by the hospital and I know they removed the stitches way too early after I had major surgery.

As relief, Plaintiff seeks monetary damages and his "finger fixed right and pain and missed work because of my finger."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff names as Defendants in this action Marshall County Hospital and the "doctor that done my surgery." However, a private entity or private individual acting on his or her own cannot deprive a citizen of his or her constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978)); *Hudgens v. NLRB*, 424 U.S. 507 (1976)). Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

> Courts employ three tests to determine whether the challenged conduct is fairly attributable to the state: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. Finally, under the symbiotic relationship test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.

*Collyer v. Darling*, 98 F.3d 211, 232 (6th Cir. 1996) (citing, *inter alia, Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Here, the complaint fails to allege facts that meet any of the three tests. Plaintiff alleges that, while he was incarcerated, jail officials took him to the offsite Defendant hospital where surgery was performed by the Defendant physician. However, the provision of medical services is not a power that has been exclusively reserved to the state. Moreover, there is no allegation here that either Defendant was compelled to work for the state or that a symbiotic relationship existed between the state and Defendants. Even if Defendants were paid from public resources for their services to the incarcerated Plaintiff, these allegations are insufficient to render them

state actors for purposes of § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated school's receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action); *Ketola v. Clearwater*, No. 1:08-cv-31, 2008 U.S. Dist. LEXIS 104205, at *8 (W.D. Mich. Oct. 31, 2008) (holding that even if the defendant hospital and its physician "treated [the prisoner plaintiff] at the state's request and expense, they did not thereby become state actors"). In addition, the fact that both Defendants may have been subject to state licensing requirements does not make them state actors under the nexus test. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law). For these reasons, the Court will dismiss Plaintiff's § 1983 claims against Defendants for failure to state a claim upon which relief may be granted. *See also Raper v. Controneo*, No. 1:17-cv-368, 2017 U.S. Dist. LEXIS 154005 (W.D. Mich. Sept. 21, 2017) (holding that a private physician who performed surgery on the prisoner plaintiff at an offsite hospital was not state actor for all of the above reasons).

The Court will, however, allow Plaintiff the opportunity to amend his complaint to name as Defendants any jail officials whom Plaintiff believes were deliberately indifferent to his serious medical needs. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff

5

to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Marshall County Hospital and the unnamed "doctor that done [Plaintiff]'s surgery" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate these Defendants as parties to this action**.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he identifies any jail officials he seeks to name as Defendants in this action, specifies that he is suing the newly named Defendants in their individual capacities, and describes how each newly named Defendant was or continues to be deliberately indifferent to his serious medical needs.** Plaintiff should submit a completed summons form for each Defendant within the same 30-day period.[2]

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's § 1983 claim will be dismissed for the reasons stated herein and any state-law medical malpractice claim will be dismissed without prejudice pursuant

---

[2] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

to 28 U.S.C. § 1367(c)(3) because the Court declines to exercise supplemental jurisdiction over it.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date:


cc: Plaintiff, *pro se*
 Defendants
4413.011

7